Martin, J.
delivered the opinion of the court. This case was before us in Dec. 1819, and was remanded for a new trial. 7 Martin, 292. There was a verdict and judgment as before, and the defendant appealed.
*214 East’n District.
March, 1822.
Price deposed, that, after the defendant’s failure, Packwood and Price purchased from Philibert, a claim against the defendant.
Philibert informed him that he had no other claim against the defendant, than that which he sold to Packwood & Price.
Price stated he received payment of Phili-bert’s claim in a note of the defendant, endorsed by Deshon & Allen, for one-fourth of its amount, and discharged the defendant.
W. Montgomery deposed, that the plaintiff purchased a quantity of sugar from W. & J. Montgomery, in 1811, and endorsed and put in their hands the two notes of the defendant, on which the present suit is brought, to be collected, and the proceeds applied to the payment of the sugar.The notes were not paid at maturity, and the witness considering his firm as the plaintiff’s agents, for the collection of the notes, did not cause them to be protested, and received the note, annexed to the answer, for one-fourth of the plaintiff’s claim, and signed the defendant’s concordat, with the rest of his creditors. He cannot recollect whether his firm held the two notes, in their own right or as the plaintiff’s agents. He believes he gave the plaintiff a receipt *215 for them, and sold him the sugar for cash, and , . . , , , . plaintift being unable to pay, gave the witness these notes. He kept them a considerable time after May 1811, and the balance due was paid him by J. Touro, the plaintiff’s agent. The witness wrote to the plaintiff, at Boston, his domicil, informing him of what his firm had done in the premises, which was not disapproved by the plaintiff The defendant’s note, annexed to the answer, for one-fourth of the two notes sued on, was taken in lieu of them and was paid at maturity.
The rest of the testimony, and the nature of pleadings in the first opinion of this court, are not repeated here.
The case was remanded to give the plaintiff the opportiugty of proving that he paid the Montgomery’s, and that there were creditors of the defendant residing in New-Orleans, who did not subscribe the concordat, or agreement between the defendant and his creditors.
He has shewn us that he paid the Montgomery’s, but there is no evidence of there being creditors, who did not sign the agreement. W. Montgomery, one of the firm, who were the holders of the notes (on which the *216 plaintiff s claim rests) signed, and the firm re- . „ r , i 3 cejved the note for one-fourth, endorsed as proposed, in satisfaction of the amount of the ^wo notes. If the firm were the owners of the note, the signature of one of them, who is not shewn to be a creditor in his private name, and the subsequent receipt of the note for the fourth, must conclude them.
Morse for the plaintiff, Hennen for the defendant.
If they were not the owners, the plaintiff then was; but as he resided in Boston, the absence of his signature is not evidence that there were creditors residing in New-Orleans, who did not sign; so that quácumque via data the defendant is entitled to the benefit of his concordat.
It is therefore ordered, adjudged and decreed, that judgment be Élnulled, avoided and reversed, and that there be judgment for the defendant in both courts.