Daniel, J.
 

 This action is Trover. If there be a deprivation of property to the plaintiff, it will constitute a conversion, though there be no acquisition of property to the defendant.
 
 Keyworth
 
 v Hill, 3 B. & A. 687. If the property had been lost by the bailee, or stolen from him, or had been destroyed by accident or from negligence, this action could not have been sustained, but
 
 case
 
 would have been the proper remedy. 2 Saund. Rep. 47.
 
 Packard
 
 v
 
 Getman,
 
 4 Wend. R. 613.
 
 Ross
 
 v.
 
 Johnston, 5
 
 Bur. Rep. 2285. To sustain this action of Trover, the defendant must have been proven to have been an actor and to have made an injurious conversion, or done an actual wrong. Salk. 655. Peake’s Rep. 49. The Judge informed the jury, that, if they were satisfied from the evidence, that the defendant had actually destroyed the canoe, they might find for the plaintiff. The delbndant, however, insisted that there was
 
 no
 
 evidence, that he;was an agent in the destruction of the property, and, without some evidence upon this point, the Judge should Charge the jury to find for the defendant. The Judge said there was some evidence of a conversion, the weight of which was left entirely with the jury. If seems to us that there was some evidence, from which the jury might infer
 
 *100
 
 that the defendant was an agent in the destruction of the property. The defendant had placed the canoe, in the dock of the witness, which was a place of safety, and a short time afterwards it was missing-, and in two months it was found broken up on the beach. It is not pretended that the canoe was removed from the dock by the winds — no presumption arises that the bailor removed it — the bailee had a right to remove it; and, in the absence of all other proof, the jury might presume that he, who had a right to remove, did remove the canoe, and, the canoe being afterwards lound broken up, the jury might presume, in the absence of other evidence, that it was broken up by the agency of him, who had the control and management of the property. The judgment must be affirmed.
 

 Per Curiam, Judgment affirmed.