Nash, J.
 

 The plaintiffs declaration contains two counts, one in
 
 trover
 
 and the other in tort, for breach of contract. The case was, the plaintiffs put into
 
 the
 
 hands
 
 of the
 
 defendant a number of notes and bonds which they held upon sundry persons in Alabama, and in his receipt, the defendant bound himself to collect or return them. The defendant being one of a firm in Alabama, engaged in merchandizing, placed the papers in the hands of Robert Dickens, another partner, who collected the money and appropriated the amount, now claimed from the defendant to the payment of the partnership debts. The firm is insolvent, and so is Robert Dickens. Mr. Hogan, as the agent of the plaintiffs, applied to Robert Dickens in Alabama for the money collected by him, and received a considerable sum. The defendant pleaded the general issue and his discharge as a bankrupt, under the bankrupt law of the United States. The right of the plaintiffs to a recovery is resisted, first, upon the ground, that they had recognized Robert Dickens as their agent in the collection of the debts, and thereby discharged the defendant. "We do not agree to this proposition ; we see nothing in the transaction, as disclosed by Mr. Hogan, showing that they had so recognized Robert Dickens. They did receive from him, by their agent, a part of what he had collected, and to that extent, have discharged the defendant, but no farther. In so doing, they did not thereby substitute Robert Dickens for the defendant as their agent. Moreover, this point was not raised on the trial, and is not open here. The second plea is, that the defendant has been regularly discharged under the bankrupt law, which is a bar to the action. The fact of his discharge is not con-
 
 *263
 
 tro verted by the plaintiffs, but its effect in protecting the fendant from this claim, is denied: First, because the defendant was acting in a fiduciary character ; secondly, because the demand of the plaintiffs is not such a debt as he was bound to prove under the defendant’s commission. The first section of the bankrupt law provides, that “ all persons, whatever, residing in any State, Territory, or District of the United States, owing debts which shall not have been created in consequence of a defalcation as a public officer, or as an executor, or administrator, or trustee, or while acting in any other fiduciary capacity,” shall on compliance with the requisites of the bankrupt law, be entitled to a discharge under it. The argument here is, that the defendant was acting in a fiduciary capacity, and is therefore expressly within the exception of the statute. We do not think so, and if that alone were in his way, we should unhesitatingly give him the benefit of his plea. What is the fiduciary character or capacity embraced by the act ? Does it extend to all cases in which money has been received to the use of another
 
 1
 
 If so, few debts would be left, on which the law would operate; for in all such cases, the money is received in faith or trust, to be paid over; in other words, in a fiduciary capacity. Surely,- it could not have been the intention of the National Legislature, in passing an act with a view to the relief of bankrupt debtors, so to restrict its operation. Rut the act shows us itself, what was meant in the use of the words “other fiduciary capacity.” Taken in connection with the words preceding them, it is evident that only such trusts were meant as are special, and not simply implied, as “ the defalcation of a public officer” or of an “executor,” oran “administrator.” Upon the principle then of
 
 rodendo singula in singulis,
 
 the words “ other fiduciary capacity” must refer to trusts of the same class, to wit, special, and not implied trusts. In the case of
 
 Chapman
 
 v.
 
 Forsythe and others,
 
 2 Howard’s Rep. 206, the Supreme Court of the United States decided, that the words do not embrace a factor: And Mr. Justice McLeax, in his able opinion, repudiates the
 
 *264
 
 idea that they can apply to agencies. I repeat then, if this were the only obstacle in the defendant’s way, the judgment of the court below would very readily be affirmed. The important enquiry here is, did the defendant, at the time of his discharge, owe such a
 
 debt
 
 to the plaintiffs, as
 
 compelled
 
 them to prove it under the commission ? If so, then, very clearly, the certificate of the defendant is a clear bar to the plaintiffs action ; if it was not such a debt, but a claim, for the securing of which, the law gave them a choice of actions, and they were at liberty to sue either in tort or in debt, and their damages would not necessarily be the same in each form of action : their election of the former will deprive the defendant of the protection of his discharge, as a bankrupt. In this case, the plaintiffs have not declared on the contract, but have brought the action in tort, making the neglect of duty on the part of the defendant
 
 the gravamen of
 
 their claim. This then is not a suit to recover, strictly speaking, a debt, and is. therefore, not within the words of the bankrupt act. The case of
 
 Parker against Norton,
 
 6 Term, 695, is in strong analogy with this. It was an action of trover.
 
 The
 
 plaintiff had placed in the hands of the defendant, a bill of exchange to be presented to the drawer at maturity, and the money to be paid over. The defendant, before the day of payment, discounted the bill with the payee, and delivered it up, taking less than the bill called for, and applying the money to his own use. The plaintiff had his election, either to sue the defendant in assumpsit, or bring trover for the bill. He chose the latter ; and on the trial, the court refused to give to the defendant the benefit of his discharge as a bankrupt, because the plaintiff had an election, and had sued in tort, and the damages would not be the same necessarily. In this case, the court recognizes the correctness of the rule laid down by Lord Mansfield, in
 
 Goodtitle against North,
 
 Doug. 583, that the form of the action in that case was decisive as to the effect of the certificate in bankruptcy. Mr. Justice Grose, in delivering his opin- ’ ion, declares the question is not, whether the plaintiff
 
 might
 
 
 *265
 
 have proved his debt under the defendant’s commission, but whether he was
 
 bound
 
 to do so. And all the court agree, that when a plaintiff has an election as to the
 
 form
 
 of his action, the choice of the action is decisive of the question. So in the case of
 
 Parker
 
 v. Crole, 2 M. & P. 150, and 5 Bing. 63, it was decided, that when the defendant,' a broker, sold out the stock of the plaintiff, contrary to his orders, the plaintiff had an election either to affirm the sale, and sue the defendant for the money received by him, or to bring an action of tort, and as he had brought the latter action, the defendant was not protected by his certificate of bankruptcy. These cases abundantly prove, that, when the plaintiff has an election, he is not
 
 bound
 
 to prove his claim as a debt under the defendant’s commission, though he may; and when he sues in
 
 tori,
 
 the defendant cannot avail himself of the protection Of the bankrupt law. In this case, the form of the action is not objected to, it is not controverted but that the plaintiff can sue in
 
 tort;
 
 see
 
 Govett v. Radnidge,
 
 3d East. 62, and it was important to them to adopt this form of action, not alone as to the present question. The defendant was their agent to collect a variety of claims put into his hands — he had wrongfully transferred them to Robert Dickens — who had received the whole of the money, and applied a portion of it to the payment of the debts of the firm, of which the defendant was one. It is this misapplication of their funds, of which the plaintiffs complain, and for which they bring their action. It is by no means certain, if they had sued in debt, that they could have recovered'. There is nothing to shew that this misapplication was made by Robert Dickens, with tiie knowledge of the defendant, or that he, after it was done, assented to it or took any benefit from it, and,- if he had, he would have been liable to the claim of the plaintiff under a different contract than the one we are now considering. Be this, however, as it may, the plaintiffs have made their election to sue in
 
 tort;
 
 they claim, not the money, but damages from the defendant for a breach of duty, in the management of his agency, These damages are unli-
 
 *266
 
 quídated, and can be ascertained only by a jury. They^may §*ve amount of the sum misapplied by Robert Dickens, or they may
 
 give less,
 
 if they should be satisfied the plaintiffs are entitled to less. We are of opinion that the defendant’s discharge under the bankrupt law is no bar to the plaintiffs’ action, and that there is error in the judgment of the Superior Court.
 

 Pm Cpiuam», Judgment reversed, and a
 
 venire de novo
 
 awarded.