### SEATON *v.* THE SECOND MUNICIPALITY OF NEW ORLEANS.

In an action by a contractor, against the party with whom he had contracted for the erection of a building, for damages for non-performance on the part of the latter, the difference between the amount the contractor was to receive, and that which he was to pay under sub-contracts made by him for the materials and building, does not constitute the amount of profit the contractor is entitled to recover. *Per Curiam:* It cannot be ascertained, without evidence as to the value of labor and materials at the time, and as to the solvency of the sub-contractors, whether they would have been able to comply with their obligations, or to indemnify the contractor if they had not. When a contract is broken before the arrival of the time for full performance, and the opposite party sues for damages also before the time for full performance, the market value at the time of the breach, whenever there is a market value, is to govern. Where there is none, as in this case, the question involves a minute enquiry into the cost of materials, the expense of procuring and transporting them to the place of delivery, the amount of labor required for putting up the building and the value of the wages of laborers and mechanics, the whole to be assessed at the time of the breach of the contract; and wherever the estimate of profits must be somewhat conjectural, the damages should be moderated so as to allow for any partial uncertainty that may exist.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J.
Benjamin and *Micou*, for the plaintiff. *Lockett* and *R. Hunt*, for the
appellants. The judgment of the court was pronounced by

SEATON
*v.*
SECOND MUNI-
CIPALITY.

Rost, J. The motion for a new trial in this case was improperly overruled,
and the application of the defendants to have the case remanded for trial before
another jury must prevail, so far as the question of damages and loss of pro-
fits resulting from the breach on the part of the defendants of the building
contract entered into by them with the plaintiff, is involved. It is admitted
that the verdict of the jury allowed $28,000 as damage and loss of profits, and
that the balance of the judgment has been voluntarily executed, without preju-
dice to either party as to the question remaining open. The damages and loss
of profits allowed are based exclusively upon the loose and speculative opinions
of the witnesses, and upon estimates of supposed profits. The plaintiff's
counsel argue that the difference between the amount he was to receive, and
that which he was to pay, under the sub-contracts he had made for the building
and materials, constituted the profits. Evidence of that description would open
too wide a door to fraud, to be received as full proof. How can it be ascer-
tained, without any evidence as to the value of labor and materials at
the time, or as to the solvency of the sub-contractors, whether they would
have been able to comply with their obligations, or to indemnify the plaintiff if
they had not.

The jury had not before them the *data* necessary to make an esti-
mate. When a contract is broken before the arrival of the time for full
performance, and the opposite party assents to consider it in that light,
and sues for damages, also before the time for full performance, as is the
case here, the market value at the time of the breach, whenever there
is a market value, is to govern in the assessment of damages. There
being no market value in this case, the question of profits involves a minute
inquiry into the cost of the materials, the expense of procuring and transport-
ing them to the place of delivery, the amount of labor required for putting up
the building, and the value of the wages of laborers and mechanics, the whole
to be assessed at the time of the breach of the contract. Even with these
*data*, the estimate of profits must be somewhat conjectural. But wherever
this is the case, it is the province as well as the duty of the jury not to assess
damages rigorously; but, on the contrary, to moderate them, so as to make
allowance for any partial uncertainty that may exist. The nature of the proof
required in cases of this kind has been thoroughly investigated by the courts of
New York. *Masterson v. Mayor of Brooklyn*, 7 Hill, p. 62. Sedgwick on
Damages, pp. 81 to 85—228 to 231.

It is ordered that the judgment, so far as it has not been voluntarily exe-
cuted, be reversed, and the case remanded for further proceedings on the single
question of damages and loss of profits resulting from the breach of the building
contract entered into between the plaintiff and the defendants; the plaintiff and
appellee paying the costs of this appeal.