## PORTER v. BARROW.

In case of the breach of a contract from motives of interest, the party by whom it is broken will be liable for such damage as might have been foreseen, as well as for that which was the direct and immediate consequence of the breach; but for no more. C. C. 1928.

The allowance of interest from judicial demand on the amount of damages recovered for the breach of a contract, is within the discretion of the court.

APPEAL from the District Court of Terrebonne, *Randall,* J. *Beatty,* for the plaintiff. *Belcher* and *C. A. Johnson,* for the appellant. The judgment of the court was pronounced by

EUSTIS, C. J. This is an action for damages, for the breach of a contract for the sale of five hundred hogsheads of sugar on the defendant's plantation situated on the bayou Lafourche. Samples of the crop were delivered to the plaintiff, and the sugar was deliverable from the 1st to the 15th of March, 1845, on the plantation, the contract having been made in New Orleans. There was a verdict in favor of the plaintiff for $4,675, and the defendant has appealed.

Under the rule which this court has adopted in the case of *Arrowsmith* v. *Gordon et al.,* ante p. 105, in which the provisions of our Code on the subject of damages have been fully considered, we can find no warrant in the evidence for the whole amount of damages allowed by the jury. The estimate of the value of the sugar based on samples which had been for a month separated and in all probability kept in a dry place, is, as we consider, not a safe standard of the value of the sugar in hogsheads.

Giving the plaintiff the benefit of the market price of the article at the time of the breach of the contract, with such other indemnity as we are authorized to grant, the verdict cannot be sustained.

We think that the breach of the contract was designed from some motive of interest, and, under article 1928 of the Code, the defendant is liable for such damages as might have been foreseen, as well as for those which were the direct and immediate consequence of the breach, but for no more.

The market price of sugar at the time of the defendant's default we fix at 4½ cents per pound, which will give the sum of $1,875. The charges for expenses to which the plaintiff was subjected, to the amount of $90, the jury was

justified in allowing. We consider it to be within our discretion to allow the plaintiff interest from the judicial demand.

The judgment appealed from is therefore reversed, and judgment rendered in favor of the plaintiff against the defendant for $1,965, with interest from judicial demand, and costs incurred in the court below ; those of the appeal to be paid by the plaintiff and appellee.