## VOLUME 146

## CASES ARGUED AND DECIDED IN THE SUPREME COURT OF LOUISIANA

AT TERM BEGINNING FIRST MONDAY OF OCTOBER, 1918
AND
AT TERM BEGINNING FIRST MONDAY OF OCTOBER, 1919

(83 South. 316)

No. 22192.

POLICE JURY FOR PARISH OF ST. LANDRY et al. v. ALEXANDRIA GRAVEL CO. et al.

(Dec. 1, 1919.)

*(Syllabus by Editorial Staff.)*

1. HIGHWAYS ⚖113(1)—MATERIALMAN NOT LIABLE TO CONTRACTOR FOR BREACH OF ITS CONTRACT WITH OWNER.

Materialman, who was not a party to contract between paving contractor and parish, was not responsible to contractor in damages ex contractu upon breach of its contract with parish to deliver material, though contract between contractor and parish provided that contractor should have recourse against materialman for his losses upon materialman's failure to deliver according to its contract with parish.

2. CONTRACTS ⚖186(1)—ACTION FOR BREACH OF CONTRACT BY ONE NOT A PARTY TO CONTRACT.

One induced to contract with another because of the latter's contract with a third person cannot sue the latter on his default.

3. SALES ⚖418(7) — BUYER'S MEASURE OF DAMAGES FOR SELLER'S FAILURE TO DELIVER.

Where seller, upon inability to deliver advised buyer to buy in the open market, which buyer did at advanced prices, buyer's measure of damages was the difference between the contract price and the advanced market price.

Appeal from Sixteenth Judicial District Court, Parish of St. Landry; B. H. Pavy, Judge.

Action by Police Jury for the Parish of St. Landry and Elijah Fisher against the Alexandria Gravel Company and another. Judgment for plaintiffs, and defendants appeal. Amended by reducing amount as to first-named plaintiff, and in other respects reversed.

Gilbert L. Dupre, of Opelousas, for appellant Southwestern Surety Co.

Gordon Bullitt, of San Antonio, Tex. (Grant & Grant, of New Orleans, of counsel), for appellant Alexandria Gravel Co.

R. Lee Garland, Dist. Atty., of Opelousas,

for appellee Police Jury of Parish of St. Landry.

Leon S. Haas and E. B. Dubuisson, both of Opelousas, for appellee Fisher.

SOMMERVILLE, J. On April 30, 1914, the police jury for the parish of St. Landry entered into two separate contracts, one with the Alexandria Gravel Company to furnish 25,000 to 30,000 cubic yards of pit-run gravel to be delivered to different switches on railroads for the purpose of paving four different highways running into the city of Opelousas. The gravel company gave bond in the sum of $8,550, with the Southwestern Security Company as security for the faithful performance of the contract. The second contract was made by the police jury with Elijah Fisher to spread gravel and to pave the several roads with the gravel to be furnished by the gravel company. There was no privity of contract between the gravel company and its bondsman and Elijah Fisher. Fisher's name was not mentioned in the contract between the parish and the gravel company, with its bondsman; and the gravel company with its bondsman was not named in the contract of the parish with Fisher.

Yet the parish and Fisher join in this action, sounding in damages ex contractu, alleging that the gravel company has defaulted upon its contract with the parish, and that they have both suffered damages thereby; and they sue the gravel company and its bondsman in solido for the damages alleged to have been sustained by them.

Counsel for plaintiffs on their brief say that the action seems to be sui generis, and contend that they have the right to join in one suit against the gravel company for alleged damages suffered by them respectively.

Defendants seemed to fail to appreciate the regularity and validity of the proceeding, and filed exceptions of misjoinder of parties plaintiff, of no cause of action, and of no right of action, which exceptions were overruled. There were other exceptions filed which are unnecessary to be noted here. The exceptions should have been maintained as to Elijah Fisher.

The gravel company had no contract with Elijah Fisher, and if it violated the contract between it and the parish, Fisher had no cause or right of action for damages ex contractu against the gravel company. Plaintiffs only allege a contract between the parish and the gravel company.

The trial judge was of the opinion that, because of a certain clause in the contract between the parish and Fisher, the latter might, together with the parish, prosecute this action against the gravel company and its surety. That clause is as follows:

"The parish will furnish gravel at the various side tracks of the railroad, and will contract with the gravel company for the delivery each day of as many cars as the contractor can handle. The gravel company will furnish bond for the fulfillment of its contract. Should the gravel not arrive as contracted for, thus causing delay to the contractor, said contractor shall have recourse against the gravel company for such losses as such delays have cost him. It will be the policy of the parish to assist in facilitating this matter as much as it is within its power."

[1, 2] But the judge appeared to overlook the fact that the gravel company was not a party to the contract between the parish and Fisher, and the gravel company did not agree that the contractor should have recourse on the gravel company. Not being a party to the contract with Fisher, the gravel company is not responsible to him in damages ex contractu.

"One induced to contract with another because of the latter's contract with a third person cannot sue the latter on his default." Gales v. Penny, 9 Mart. (O. S.) 215.

"One cannot complain of the conditions or nonexecution of a contract to which he is no party." Schwartz v. Flatboats, 14 La. Ann. 243.

As to the contract between the parish and the gravel company, it is shown that the

gravel company defaulted on its contract, and that about the latter part of October, 1914, in an interview between the president of the police jury and the manager of the gravel company, the latter threw up the contract and advised the president of the police jury to buy gravel in the open market, which the parish did at advanced prices, and the parish has suffered damages in the difference between the contract price of gravel and that which it paid for gravel on the open market.

[3] The evidence shows that the parish bought 6,776 cubic yards of gravel at an advance of 15 cents per yard, and 3,758 cubic yards at an advance of 25 cents per yard over the contract price, to finish the roads; and it is entitled to recover the sum of those amounts from the defendants.

"Damages for the nondelivery of a thing is the price or the sum for which others of like quality could be purchased at the time agreed upon for delivery or putting in mora." Seaton v. Municipality, 3 La. Ann. 44.

"The measure of damages for breaches of contract is the market value at the time, if there be one; the party being entitled to his advances and expenses under or on account of the contract, and in certain cases, interest." Porter v. Barrow, 3 La. Ann. 140; McCord v. West Feliciana Ry. Co., 3 La. Ann. 285; Marchisseau v. Chaffee, 4 La. Ann. 24.

"On the debtor's failure to deliver at the particular time a certain article, its market value at the time of the breach of contract, and not exceptional sales thereof, is the criterion of damages." Thompson v. Howes, 14 La. Ann. 45; Woodstock Iron Works v. Standard Pulley Co., 115 La. 829, 40 South. 236.

The parish makes additional demands for damages for additional pay to a road inspector, because of the delay by the gravel company in delivering gravel. But these delays were acquiesced in by the parish at the time, and it cannot successfully make claim for damages therefor. Besides, it is not shown with certainty just what delays there were, or that the road inspector's services were necessary, and that they were paid for on the days that the gravel was not being regularly delivered. The parish also claims the cost of grading the roads and of regraveling the same. But these items are not shown to have become necessary because of any act or omission of the gravel company, and it cannot be held therefor.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended in part and reversed in part; that it be reduced to $1,955.90 against the gravel company, and the Southwestern Surety Company in solido; and in all other respects the judgment appealed from is annulled, avoided, and reversed. The costs of the district court incurred by Elijah Fisher to be paid by him, and the balance by defendants; costs of appeal to be paid by plaintiffs.