### No. 10,092
### Orleans

### ROSINA N. CLESI, WIFE OF GEORGE JACOBS v. BENJAMIN GRISHMAN, Appellant

(November 2, 1925, Opinion and Decree)

---

(*Syllabus by the Court.*)

1. **Louisiana Digest—Damages—Par. 69, 71, 77, 107.**
A plaintiff who has entrusted a fur to the defendant for redressing will be entitled to recover from the defendant who fails to return the same such sum as will enable plaintiff to purchase another similar fur.

Appeal from the First City Court, Division "C". Hon. Wm. V. Seeber, Judge.

This is a suit for the return of a fur left with defendant for repairs.

Defendant's answer contained a demand for the cost of repairs with the privilege for their payment.

There was judgment for plaintiff and dismissing defendant's demand.

Defendant appealed.

Judgment amended and affirmed.

Paul W. Maloney of New Orleans, attorney for plaintiff, appellee.

Marx & Levy, of New Orleans, attorneys for defendant, appellant.

CLAIBORNE, J. Plaintiff claims the value of a fur.

The plaintiff alleged that in October, 1922, she left with the defendant one otter fur to be retanned, redressed and softened at a cost of $25.00 and to be returned in one month; that she has made repeated demands for the return of said fur without success, the defendant pretending that he has mislaid the same and offering another in its place which plaintiff refused; that the said fur is valued at $150.00. She prays for a judgment recognizng her as owner of said fur and ordering its return to her or in default for a judgment for $150.00.

The defendant admitted the deposit of the fur with him, but denied all the other allegations; further answering, he averred that the fur left by plaintiff with him for repairs is now in his possession and that the repairs have been made as requested; that he has a privilege upon the same for the payment of the price of the repairs made for $25.00, and that he has always been willing to deliver said fur on payment to him of $25.00. He prayed that plaintiff's claim be dismissed and for judgment in his favor for $25.00 with privilege.

There was judgment for plaintiff for $110.00 dismissing defendant's demand.

The defendant has appealed.

The evidence is that when the plaintiff called upon the defendant for her fur, the plaintiff refused to accept the fur tendered to her upon the ground that the fur tendered to her was not her fur; that it was not the one she had left with the defendant to be retained, redressed, and softened; that the one tendered was narrower shorter, and tendered to the plaintiff the same one of a lighter color.

The question therefore is, was the fur which she had left with the defendant.

The plaintiff swears that she bought that fur as a raw fur, from one Adam Bell, a trapper, in 1919, and that she had it tanned, softened, and dressed by a woman whose name and address she forgot; that the fur was wider and longer and of a dark brown; and that the fur tendered to her by the defendant was smaller than her fur and of a lighter color, and was not her fur.

Adam Bell has been a trapper for thirty years; he caught the otter and sold the fur to the plaintiff; the fur tendered the plaintiff is not the fur he sold to her; the fur tendered is light brown, while the fur he sold was dark brown; the fur he sold was about 18 inches longer and 6 inches wider.

Plaintiff's husband swears his wife's fur was dark brown.

On the other hand, the defendant, Benjamin Grishman swears that the fur he tendered the defendant was the same one that she delivered to him; that he had no other otter fur in his store; that he affixed a tag to the fur when it came in, and that the tag is still there.

Solomon Grishman is a brother of the defendant and connected with him in business; he did not see plaintiff bring the fur, but he saw the fur after the defendant took it in to be reworked and saw the tag upon it; the defendant had no other fur in the house.

We believe the preponderance of the testimony is with the plaintiff. Her testimony is corroborated by that of Bell, who is a disinterested witness.

Besides, the trial. judge was of that opinion.

The defendant's testimony is only partially corroborated by that of his brother, who is an interested witness.

As to the measure of damages, the rule of law is that when a contract is broken the market value at the time of the breach is to govern the assessment of damages. Seaton vs. Second Municipality of New Orleans, 3 La. Ann. 44; 8 Ruling Case Law 487.

The value of property taken or destroyed is to be determined by the time and place of its taking. Simon & Loeb vs. S. S. Fung Shuey, 21 La. Ann. 363; Lewis & O'Neil, Skipwith & Osborn vs. The Ship "Success", 18 La. Ann. 1.

The value is of such sum as will enable the owner to buy other property to replace the one claimed. Cottain vs. I. C. R. R. D. No. 9065 Orl. App.

The evidence in this case is that the plaintiff paid $75.00 for the fur and $35.00 for tanning and dressing it.

But Bell testifies, however, that at the time he sold the fur, the market price for such furs was only $40.00 or $50.00; he obtained that price only because he did not want to sell the fur and plaintiff wanted it.

The testimony also is that at the time defendant failed to return the fur the price was about $50.00. We must take into consideration the fact that the fur in 1922 was probably not in as good condition as in 1919 and therefore not as valuable.

We cannot take in consideration the cost of the original tanning and dressing.

The advantages of those had evidently disappeared inasmuch as plaintiff had taken the fur to the defendant to be re-tanned and redressed and softened.

The plaintiff is therefore entitled only to $50.00.

It is therefore ordered that the judgment herein be amended by reducing the amount of the same allowed to plaintiff from one hundred and ten dollars to fifty dollars; and as thus amended the judgment is affirmed at the cost of the defendant in both courts.