R. A. POWERS v. PLANTERS NATIONAL BANK & TRUST COMPANY.

(Filed 5 March, 1941.)

**1. Limitation of Actions § 16—**

Where defendant pleads the statute of limitations, the burden is upon the plaintiff to show that his action was begun within the time allowed.

**2. Actions § 6: Negligence § 1: Fraud § 1—**

Plaintiff alleged that the defendant leased him certain property infected with germs of pulmonary tuberculosis without informing him of the fact, and that in consequence he contracted tuberculosis. *Held:* The action is for alleged negligent failure of defendant to inform plaintiff of the danger, and is based on negligence and not on fraud.

**3. Actions § 6: Negligence § 1: Nuisances § 1—**

Plaintiff alleged that defendant leased him certain property infected with germs of pulmonary tuberculosis without informing him of the fact,

and that in consequence he contracted tuberculosis, and that the negligence of defendant was continuing and created a nuisance. *Held:* The gravamen of the complaint is negligence and not nuisance.

**4. Limitation of Actions § 4—**

An action for negligence accrues, and the statute of limitations begins to run, from the time the wrongful act or omission complained of occurs, without regard to the time when the harmful consequences are discovered.

**5. Limitation of Actions § 2e—**

Any action under the provisions of chapter 2, Public Laws 1923, relative to sanitation, is governed by the three-year statute of limitations.

**6. Appeal and Error § 41—**

Where it is determined that defendant's motion to nonsuit was correctly allowed because of the bar of the statute of limitations, whether the complaint is sufficient to show that plaintiff's injury was proximately caused by the negligent acts or omissions complained of, need not be determined.

APPEAL by plaintiff from *Burney, J.,* at November Term, 1940, of NASH. Affirmed.

*Dan B. Bryan, Harold D. Cooley, W. H. Yarborough, and W. F. Taylor for plaintiff, appellant.*
*Battle, Winslow & Merrell and J. P. Bunn for defendant, appellee.*

DEVIN, J.  Plaintiff instituted his action against defendant bank for wrongfully leasing and conveying to him certain property which he alleged had been used by one infected with the germs of pulmonary tuberculosis, without informing him of that fact.  He alleged that in consequence thereof he contracted tuberculosis and suffered substantial injury to his health.  Defendant was acting as agent for the owner in leasing the premises, and as administrator in conveying the personal property.

The defendant, among other defenses, pleaded the statute of limitations.  It was therefore incumbent upon the plaintiff to show that his action was begun within the time limited by the statute, and not afterward.  It was admitted that the lease and conveyance of the property described was made 30 November, 1934.  The record shows that this action was begun 15 December, 1938.

To rebut the conclusion that the action was barred by the three years' statute of limitations, the plaintiff contended that the action was based on fraud—fraudulent concealment—and that the statute did not begin to run until discovery of the fraud. *Johnson v. Ins. Co., ante,* 202.  But the complaint is bottomed on negligence.  It alleges the breach of a duty on the part of the defendant in failing to inform him that the house had

been occupied and the furniture used by a person suffering from tuberculosis. There was neither allegation nor proof of fraud. It is well settled that in an action for damages, resulting from negligent breach of duty, the statute of limitations begins to run from the breach, from the wrongful act or omission complained of, without regard to the time when the harmful consequences were discovered. 17 R. C. L., 763-775; 37 C. J., 881-882; *Bank v. McKinney,* 209 N. C., 668, 184 S. E., 506; *Gordon v. Fredle,* 206 N. C., 734, 175 S. E., 126; *Daniel v. Grizzard,* 117 N. C., 105, 23 S. E., 93; *Blount v. Parker,* 78 N. C., 128; *Sullivan v. Stout,* 120 N. J. L., 304; 118 A. L. R., 211; *Schmidt v. Merchants Despatch Transportation Co.,* 270 N. Y., 287, 104 A. L. R., 450.

In his complaint the plaintiff alleged that the negligence of defendant was "continuing negligence in that it created or maintained a nuisance." This view is not presented in the brief, nor is it supported by the evidence. The only suggestion of nuisance in the complaint is with reference to negligence. It was "negligence-born, and must, in the legal sense, make obeisance to its parentage," as was said by *Seawell, J.,* in *Butler v. Light Co.,* 218 N. C., 116. The gravamen of the charge is negligence, not nuisance, and the proof is directed to a distinct breach of duty at a particular time. The alleged wrongful act or omission was the failure to give the plaintiff information at the time of the lease as to the previous use of the property. The cause of action accrued upon the breach of the obligation which the plaintiff alleges was imposed upon the defendant by virtue of its relationship to the property and to the plaintiff, and the statute of limitations began to run at that time.

Any action under the provisions of chapter 2, Public Laws 1923, relative to sanitation, would also be barred by the statute of limitations.

It was urged by the defendant that the evidence was insufficient to show that the alleged negligent act or omission on the part of the defendant was the proximate cause of the injury complained of, in view of the testimony that plaintiff, prior to the lease, had inactive tubercular infection, and the absence of substantial evidence as to the source of his present infection. It was pointed out that the case of *MacRae v. Unemployment Com.,* 217 N. C., 769, which arose under the Workmen's Compensation Act, has no application to the facts here in evidence. However, we deem it unnecessary to determine this question, as we conclude that the motion for judgment of nonsuit was properly allowed.

Judgment affirmed.