EVELYN C. JACOBS, Plaintiff v. ROYAL INSURANCE COMPANY OF AMERICA and CALVERT INSURANCE COMPANY, Defendants

No. COA97-559

(Filed 3 February 1998)

**Pleadings § 107 (NCI4th)— Rule 12(b)(6) motion to dismiss— evidence outside pleadings—improperly considered**

The trial court erroneously granted defendant Calvert Insurance Company's motion to dismiss plaintiff's amended complaint pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6) based on consideration of evidence outside the pleadings.

Appeal by defendant Royal Insurance Company of America from order entered 10 March 1997 by Judge George L. Wainwright, Jr., in Onslow County Superior Court. Heard in the Court of Appeals 13 January 1998.

On 11 May 1993, plaintiff Evelyn C. Jacobs was injured when the automobile she was driving was struck by Alfredo J. Rocha. Rocha, though uninsured, had rented the car from Pass Rent-A-Car, a Florida

[128 N.C. App. 528 (1998)]

corporation. Plaintiff's insurance company was the defendant-appellant, Royal Insurance Company of America ("Royal").

On 22 November 1994, plaintiff filed suit against Rocha. On 30 October 1995, a default judgment was entered against Rocha in the amount of $30,000 plus interest and costs. On 4 April 1996, plaintiff filed a declaratory judgment action against Royal alleging that Royal was liable for the entire judgment under an uninsured motorist policy issued to plaintiff by Royal. On 15 August 1996, plaintiff filed a motion to add Calvert Insurance Company ("Calvert") because Calvert had issued a policy of liability insurance covering the vehicle in question "for claims in excess of $100,000.00." On 3 October 1996 Plaintiff filed an amended complaint alleging that Calvert must provide the minimum amount of liability insurance as mandated by North Carolina's Fiscal Responsibility Act, G.S. 279.21, *et seq.*

On 20 December 1996, Calvert filed a motion to dismiss the amended complaint pursuant to Rule 12(b)(6). On 10 February 1997 the motion was granted and the complaint against Calvert dismissed. Shortly thereafter, plaintiff and Royal reached a settlement whereby Royal paid plaintiff the sum of $25,000 in exchange for an assignment of the plaintiff's rights against Calvert. On 6 March 1997, Royal filed a motion for a supplemental order for determination under Rule 54(b) because the issues were now between Royal and Calvert as to who had responsibility for the minimum limits pursuant to the Financial Responsibility Act.

On 10 March 1997, the trial court issued an amended order dismissing Calvert and making the necessary findings pursuant to Rule 54(b). The trial court determined that "as a matter of law, an excess insurer does not 'drop down' and become liable for amounts below the threshold figure triggering liability under the excess insurance policy." Royal appeals.

*Dean & Gibson, L.L.P., by Brien D. Stockman, for defendant-appellant Royal Insurance Company of America.*

*Ward and Smith, P.A., by J. Randall Hiner, for defendant-appellee Calvert Insurance Company.*

EAGLES, Judge.

We first consider whether the trial court erred in dismissing the amended complaint on the grounds that Calvert Insurance Company

is an excess insurer. Royal asserts that the trial court erred in deviating from the face of the pleadings by considering oral representations regarding the terms of Calvert's liability policy with respect to an alleged $100,000 Self-Insured Retention Endorsement. Royal also argues that the motion to add Calvert as a necessary party, which alleged that Calvert insured the rental vehicle "for claims in excess of $100,000.00," should not be considered because it was beyond the face of the complaint and amended complaint. Royal maintains that the trial court could not have made a correct conclusion of law regarding the meaning of the Calvert policy without examining the contents and language of the policy. Royal concludes that since no copy of the policy was entered into the record, the judge apparently relied upon counsel's oral representations as to the terms and conditions of that policy.

Calvert argues that the Court properly considered that Calvert was an excess insurer because the motion to add Calvert as a necessary party was a part of the pleadings. Calvert alternatively argues that if this Court should determine that the pleadings should be limited to the complaint, then the motion to add Calvert as a party should be considered as part of the amended complaint, because "the nexus between the two [documents] is so intimate that it was proper for the trial court to consider the two documents in tandem when ruling . . . ." Finally, Calvert argues that if the trial court erroneously granted Calvert's Rule 12(b)(6) motion based upon the motion to add Calvert, then the trial court's ruling should be upheld as a Rule 12(c) motion for judgment on the pleadings.

On this record, we conclude that because the trial court considered evidence outside the pleadings, Calvert's motion to dismiss should not have been granted and is reversed. In ruling on a motion to dismiss, a court properly may consider only evidence contained in or asserted in the pleadings. *See American Angus Ass'n v. Sysco Corp.*, 865 F.Supp. 1174, 1175 (W.D.N.C. 1993); *State of Tenn. on Behalf of Tennessee Dept. of Health and Environment v. Environmental Management Com'n of State of N.C.*, 78 N.C. App. 763, 765, 338 S.E.2d 781, 782 (1986). The motion to add Calvert as a party was not part of the pleadings and the statement in the motion that Calvert was an excess insurer should not have been considered. *See* W. Brian Howell, *Shuford North Carolina Civil Practice and Procedure* § 7-5 *(4th Ed. 1992)* (". . . a motion is not considered a pleading, as indicated by the delineation between Rule 7(a) regarding pleadings and Rule 7(b) regarding motions."). Accordingly, the

**JACOBS v. ROYAL INS. CO. OF AMERICA**

[128 N.C. App. 528 (1998)]

trial court's order dismissing the amended complaint pursuant to Rule 12(b)(6) was erroneous and is reversed. Based on our disposition of this issue, we need not address the remaining issues raised on appeal.

Reversed and remanded.

Judges WYNN and WALKER concur.