JOSEPH CLIFF LASSITER AND WIFE, EVA C. LASSITER, PLAINTIFF-APPELLANTS V. RONALD JEFFREY CECIL, INDIVIDUALLY, AND CASTLE CONSTRUCTION COMPANY, INC., DEFENDANT-APPELLEES

No. COA00-607

(Filed 21 August 2001)

1. **Emotional Distress— fee construction contract—exclusion of evidence**

The trial court did not err in an action arising out of a fee construction contract to build a house by excluding evidence of plaintiff wife's emotional distress as a component of damages for both breach of contract and for negligence, because: (1) neither plaintiffs' original complaint nor their amended complaint includes any mention of emotional distress or of personal injury of any type; and (2) plaintiffs' motion for leave to amend their complaint was not a pleading and was therefore inadequate to provide the requisite notice to defendants.

2. **Negligence— fee construction contract—judgment notwithstanding the verdict**

The trial court did not err in an action arising out of a fee construction contract to build a house by granting judgment notwithstanding the verdict on the issue of defendant corporate officer's negligence, because: (1) there is no corporate tort for which defendant corporate officer could be held liable when the trial court established that defendant corporation committed no tort; and (2) plaintiffs were not owed a duty under the North Carolina Building Code and therefore could not bring a negligence per se claim against defendant corporate officer.

LASSITER v. CECIL

[145 N.C. App. 679 (2001)]

### 3. Costs— deposition costs—expert witness fees—photographs—photocopies

The trial court did not err in an action arising out of a fee construction contract to build a house by awarding plaintiffs $16,740.06 for deposition costs and expert witness fees but declining to compensate plaintiffs for the cost of photographs, photocopies, several years of property taxes on the uncompleted house, and other miscellaneous expenses totaling approximately $6,000.00, because: (1) although defendants did not object to plaintiffs' list of expenses, neither did they stipulate to it; and (2) the trial court's finding of fact that plaintiffs' deposition costs and expert witness fees were plaintiffs' reasonable costs and expenses incurred in the proceeding is supported by competent evidence.

Appeal by plaintiffs from judgment entered 6 December 1999 by Judge Sanford L. Steelman, Jr. in Superior Court, Davidson County. Heard in the Court of Appeals 27 March 2001.

*Smith, James, Rowlett & Cohen, L.L.P., by Norman B. Smith and Seth R. Cohen, for plaintiff-appellants.*

*Burton & Sue, L.L.P., by Gary K. Sue, Walter K. Burton and James D. Secor, III, for defendant-appellees.*

McGEE, Judge.

Plaintiffs signed a fee construction contract with defendant Castle Construction Company, Inc. (Castle) on 10 June 1996 to build a house on plaintiffs' land. Defendant Ronald Jeffrey Cecil (Cecil) signed the contract as president of Castle. The contract provided that Cecil, as Castle's representative, would personally oversee and provide general supervision in connection with the construction project. Construction began immediately, and plaintiffs paid defendants every month as billed. Then, in December 1996, plaintiffs withheld several thousand dollars from their payment because of obvious defects in the construction of the house. Defendants demanded the remainder of the payment and, when plaintiffs refused to pay, defendants ceased all work on the house.

Plaintiffs filed their complaint on 20 February 1997, alleging that Castle had breached the fee construction contract through numerous faults and defects in the construction, and alleging that Castle had been negligent in constructing the house. Plaintiffs

also sought attorney's fees and costs as provided for in the fee construction contract. Plaintiffs amended their complaint with leave of the trial court on 18 August 1998, adding Cecil to their claim of negligence.

At trial, plaintiffs sought to introduce evidence of plaintiff Eva C. Lassiter's (Eva's) emotional distress arising from the difficulties in constructing the house. The trial court denied plaintiffs' request, holding that plaintiffs had not adequately pled a claim for emotional distress.

At the close of plaintiffs' evidence, defendants moved for directed verdicts on all claims. The trial court granted defendants' motion for a directed verdict on the claim of negligence against Castle, but denied defendants' motions on the remaining claims of breach of contract against Castle and negligence against Cecil.

During defendants' presentation of evidence, Cecil testified that the fee construction contract was a contract between plaintiffs and Castle, and that Cecil was involved only in his capacity as president of Castle. Cecil acknowledged, however, that he had been the construction superintendent for plaintiffs' house, and that he also had done some work as a laborer for Castle's framing subcontractor.

At the close of all the evidence, the jury returned verdicts finding Castle liable for breach of contract and finding Cecil liable for negligence. Upon defendants' motion, the trial court granted judgment notwithstanding the verdict on the issue of Cecil's negligence.

Plaintiffs waived their right to jury trial on the issue of reasonable attorney's fees and expenses under the fee construction contract. The trial court accordingly awarded plaintiffs $22,794.75 in attorney's fees and $16,740.06 in expert witness fees and deposition costs, as well as the filing fees and service fees for all subpoenas issued by plaintiffs.

Plaintiffs appeal, assigning error to the trial court's (1) exclusion of evidence of Eva's emotional distress, (2) grant of judgment notwithstanding the verdict on the issue of Cecil's negligence, and (3) award to plaintiffs of only $16,740.06 in costs.

I.

[1] Plaintiffs assert that they were entitled to present evidence of Eva's emotional distress as a component of damages both for breach

of contract and for negligence. However, neither plaintiffs' original complaint, nor their amended complaint, includes any mention of emotional distress or of personal injury of any type.

In *McAllister v. Ha*, 347 N.C. 638, 496 S.E.2d 577 (1998), our Supreme Court indicated that a complaint alleging negligent infliction of emotional distress must include an assertion of injury due to emotional distress " 'sufficient to give . . . defendant notice of the nature and basis of plaintiffs' claim so as to enable him to answer and prepare for trial.' " *Id.* at 646, 496 S.E.2d at 583 (citation omitted). By failing to make any reference to emotional distress in their claim for recovery for negligence, plaintiffs have failed to give defendants sufficient notice of such a claim for damages. We hold that the same standard applies with respect to damages for emotional distress due to breach of contract.

Plaintiffs suggest that defendants received adequate notice of plaintiffs' claim for damages due to emotional distress, insofar as plaintiffs' motion for leave to amend their initial complaint includes an assertion that plaintiffs suffered "personal injuries" as a result of Cecil's negligent acts. However, once the trial court had entered its order allowing amendment, plaintiffs failed to allege emotional distress or personal injury in their actual amendment to the complaint. We conclude that, regardless of whether a bare assertion of "personal injuries" would be adequate under *McAllister* to support a claim for damages due to emotional distress, plaintiffs' motion for leave to amend their complaint was not a pleading and was therefore inadequate to provide the requisite notice to defendants. *See Pyco Supply Co., Inc. v. American Centennial Ins. Co.*, 321 N.C. 435, 442, 364 S.E.2d 380, 384 (1988) ("Under the notice theory of pleading, a statement of a claim is adequate if it gives sufficient notice of the events or transactions which produced the claim to enable the adverse party to understand its nature and basis and to file a responsive pleading."); *Jacobs v. Royal Ins. Co. of America*, 128 N.C. App. 528, 530, 495 S.E.2d 185, 187 (1998) ("The motion to add . . . a party was not part of the pleadings[.]"); N.C. Gen. Stat. § 1A-1, Rule 7 (1999).

Because plaintiffs failed to plead a claim for damages for emotional distress, the trial court did not err in excluding plaintiffs' evidence of Eva's emotional distress.

II.

**[2]** Plaintiffs next assert that the trial court erred in granting judgment notwithstanding the verdict on plaintiffs' claim of negligence against Cecil.

> [T]he standard of review for a judgment notwithstanding the verdict is . . . whether, upon examination of all the evidence in the light most favorable to the nonmoving party, and that party being given the benefit of every reasonable inference drawn therefrom, the evidence is sufficient to be submitted to the jury.

*Fulk v. Piedmont Music Ctr.*, 138 N.C. App. 425, 429, 531 S.E.2d 476, 479 (2000) (citation omitted). We therefore consider whether sufficient evidence was presented to the jury to find Cecil negligent.

"Negligence is the failure to exercise proper care in the performance of a legal duty which the defendant owed the plaintiff under the circumstances surrounding them." *Moore v. Moore*, 268 N.C. 110, 112, 150 S.E.2d 75, 77 (1966) (citation omitted). Plaintiffs argue that Castle committed negligence through breach of its legal duties under the fee construction contract. "Ordinarily, a breach of contract does not give rise to a tort action by the promisee against the promisor." *Ports Authority v. Roofing Co.*, 294 N.C. 73, 81, 240 S.E.2d 345, 350 (1978). However, plaintiffs assert that Castle's breach falls within one of the exceptions described in *Ports Authority. See id.* at 82, 240 S.E.2d at 350-51. Moreover, plaintiffs contend that Cecil, as a corporate officer who actively participated in Castle's tort, is liable for Castle's tort under *Wilson v. McLeod Oil Co.*, 327 N.C. 491, 518, 398 S.E.2d 586, 600 (1990) ("A corporate officer can be held personally liable for torts in which he actively participates.").

However, the trial court held that Castle's contractual duty did *not* create an action in tort under *Ports Authority* when it granted defendants' directed verdict on Castle's negligence liability. Because plaintiffs do not assign error to that directed verdict, the issue of Castle's negligence has not been challenged on appeal. *See* N.C.R. App. P. 10(a). It follows that, insofar as the trial court established that Castle committed no tort, there is no corporate tort for which Cecil could be held liable under *Wilson*.

In the alternative, plaintiffs assert that Cecil is personally liable for his negligent acts as construction supervisor and as a framing laborer, under the doctrine of *per se* negligence for violations of the

LASSITER v. CECIL

[145 N.C. App. 679 (2001)]

North Carolina Building Code. "[T]he Code imposes liability on any person who constructs, supervises construction, or designs a building or alteration thereto, and violates the Code such that the violation proximately causes injury or damage." *Olympic Products Co. v. Roof Systems, Inc.*, 88 N.C. App. 315, 329, 363 S.E.2d 367, 375, *disc. review denied*, 321 N.C. 744, 366 S.E.2d 862, 366 S.E.2d 863 (1988). However, a violation of the North Carolina Building Code constitutes negligence *per se* because the Code is a statute to promote the safety of others. *See Lamm v. Bissette Realty*, 327 N.C. 412, 415, 395 S.E.2d 112, 114 (1990). To benefit from negligence *per se* for a violation of the Code, plaintiffs must first demonstrate that they fall "within the class intended to be protected by the statute[][.]" *Lynn v. Overlook Development*, 328 N.C. 689, 695, 403 S.E.2d 469, 472 (1991). We hold that, insofar as the Code is intended "for the protection of the occupants of the building or structure, its neighbors, and members of the public at large[,]" N.C. Gen. Stat. § 143-138(b) (1999), plaintiffs do not fall within that class. The house was never finished and certified for occupancy, and plaintiffs do not assert that they were damaged as members of the general public. We conclude that, regardless of whether Cecil could otherwise be held personally liable for violations of the North Carolina Building Code under *Olympic Products*, plaintiffs were not owed a duty under the Code and therefore could not bring such a claim.

Because plaintiffs failed to present evidence to the jury that Cecil negligently breached a duty he owed, we find no error in the trial court's grant of judgment notwithstanding the verdict on the issue of Cecil's negligence.

## III.

[3] Finally, plaintiffs assert that the trial court did not adequately award plaintiffs their costs, as provided for in the fee construction contract. The contract provides:

> If either party to this Contract shall seek to enforce this Contract, or any duties or obligations arising out of this Contract, against the other party to this Contract, by legal or equitable proceedings, then the prevailing party in such proceedings shall receive, in addition to all other rights and remedies to which such party is entitled, such party's reasonable costs and expenses incurred in such proceedings, including reasonable attorney's fees.

LASSITER v. CECIL

[145 N.C. App. 679 (2001)]

During trial, plaintiffs waived their right to have the issue of reasonable costs heard by the jury. At the close of the trial, plaintiffs provided the trial court with a list of their litigation expenses. In addition to attorney's fees, the trial court awarded plaintiffs their deposition costs and expert witness fees, but declined to compensate plaintiffs for the cost of photographs, photocopies, several years of property taxes on the uncompleted house, and other miscellaneous expenses totaling approximately $6,000. Plaintiffs assert that, because defendants did not explicitly challenge their list of expenses, the trial court was required under the fee construction contract to award plaintiffs everything included on their list.

However, while defendants did not object to plaintiffs' list of expenses, neither did they stipulate to it. Plaintiffs simply presented the trial court with their list of expenses, divided into categories. We hold that the trial court's finding of fact that plaintiffs' deposition costs and expert witness fees were plaintiffs' "reasonable costs and expenses" incurred in the proceeding is supported by competent evidence. *See Fortune Ins. Co. v. Owens*, 351 N.C. 424, 428, 526 S.E.2d 463, 466 (2000) ("[O]n appeal, the appellate courts are bound by the trial court's findings [of fact] if competent evidence in the record supports these findings."). We therefore find no error in the trial court's award of costs to plaintiffs.

We affirm the 6 December 1999 judgment of the trial court.

Affirmed.

Judges GREENE and CAMPBELL concur.