**EDWARDS v. CERRO**

[150 N.C. App. 551 (2002)]

---

CURTIS EDWARDS, Plaintiff v. FREDERICO CERRO and HAM FARMS, INC., Defendants

No. COA01-309

(Filed 4 June 2002)

**1. Motor Vehicles— nighttime collision—contributory negligence not shown**

Plaintiff's evidence did not establish that he was contributorily negligent as a matter of law in an action arising from a collision between a pickup truck and a forklift where plaintiff was driving the truck at night with properly operating headlights and the evidence indicated that he applied his brakes and skidded for at least twenty-five feet before colliding with the forklift, which was being operated without reflectors or tail lights.

**2. Negligence— insurance—not mentioned at trial—briefly discussed by jury**

The trial court did not abuse its discretion in a negligence action by denying a motion for judgment n.o.v. and a new trial where neither the parties nor the witnesses at trial mentioned insurance, insurance was briefly discussed during a self-initiated conversation in jury deliberations, this conversation did not amount to misconduct, and there was no evidence that it affected or biased the jury's decisions.

**3. Discovery— driver's failure to answer interrogatories— sanction—negligence established—effect on employer**

In an action to recover for personal injuries received in a collision between plaintiff's pickup truck and a forklift driven by the individual defendant and owned by defendant employer, the trial court did not err in sanctioning the forklift driver for failing to answer interrogatories, both as an individual and as an employee

EDWARDS v. CERRO

[150 N.C. App. 551 (2002)]

and agent of defendant employer, by ruling that the issue of the forklift driver's negligence was established in accordance with plaintiff's claim, thus preventing the issue of defendant employer's negligence to be submitted to the jury, where defendant employer admitted in its answer that the forklift driver was its employee and was operating the forklift in the course of his employment, and the driver's negligence was thus imputed to defendant employer.

Appeal by defendants from an order entered 17 July 2000 and a judgment entered 20 March 2000 by Judge Giles R. Clark in Greene County Superior Court. Heard in the Court of Appeals 30 January 2002.

*Jones, Marcari, Russotto, Walker & Spencer, P.C., by Donald W. Marcari, for the plaintiff-appellee.*

*Wallace, Morris & Barwick, P.A., by Elizabeth A. Heath and Edwin M. Braswell, Jr., for the defendants-appellants.*

HUDSON, Judge.

Defendants appeal a judgment and an order on post-trial motions entered awarding damages to plaintiff in this personal injury suit. Plaintiff claimed that defendants owed damages for injuries resulting from a collision between his vehicle and machinery owned by defendant Ham Farms, Inc. ("Ham Farms") and operated by defendant Frederico Cerro ("Mr. Cerro").

On 12 December 1996, plaintiff filed a complaint against Ham Farms and Mr. Cerro alleging that the defendant's negligence caused a motor vehicle crash on 22 June 1996 in Greene County, North Carolina. Plaintiff was driving a Datsun pickup truck with his five-year old daughter when he collided with a Caterpillar forklift owned by Ham Farms and operated by Mr. Cerro. Both vehicles were traveling north on R.P. 1400 at approximately 9 p.m. In his complaint, plaintiff alleged:

7. That at the time above stated, as the plaintiff proceeded in a lawful manner on RP 1400, there was a collision with the forklift operated on the public highway by defendant Frederico Cerro. The defendant, Frederico Cerro was negligent in that he:

    a. Operated the forklift on the said highway after sunset without any rear, tail light, or reflectors, rendering visibility impossible;

    b. Otherwise operated the vehicle in a manner different from that of a reasonable and prudent person under the same or similar circumstance.

Plaintiff also alleged that Ham Farms, as the owner of the forklift and the employer of Mr. Cerro, was responsible for the injuries sustained by plaintiff. Ham Farms admitted in its Answer,

    6. . . . that the defendant Frederico Cerro was an employee of the defendant Ham Farms, Inc. and was operating the forklift owned by Defendant Ham Farms, Inc. in the course of his employment with Ham Farms, Inc.; it is also admitted that defendant Frederico Cerro was operating said forklift with the knowledge, approval, and consent of defendant Ham Farms, Inc.

Ham Farms alleged as its "Second Defense" that plaintiff was contributorily negligent in his operation of his vehicle when he collided with the forklift operated by Mr. Cerro.

Plaintiff served interrogatories on both defendants, however, Mr. Cerro did not respond. On 2 March 1998, an Order to Compel was entered ordering Mr. Cerro to respond to plaintiff's interrogatories. Again, he did not respond and plaintiff moved the court to sanction both defendants, by, among other sanctions, striking Ham Farms' Answer from the record. The trial court ordered on 8 December 1998 that:

    Frederico Cerro, individually, and as an employee and agent of Ham Farms, Inc. is sanctioned as follows:

    1. The issue of negligence of Frederico Cerro is hereby answered in favor of the plaintiff Curtis Edwards.

    . . .

    3. The issue of contributory negligence of the plaintiff Curtis Edwards, and the amount of damages, are to be reserved for trial.

As a consequence of ruling that both Mr. Cerro and Ham Farms were negligent, the Court did not submit that issue to the jury. The jury then found that plaintiff was not contributorily negligent and that

plaintiff was entitled to recover $85,000 from defendants. The trial court then entered Judgment ordering defendants to pay plaintiff the amount determined by the jury in addition to attorney's fees and costs. The trial court denied Ham Farms' Motion to Set Aside and Motion for New Trial. Ham Farms appeals.

We note at the outset that the Notice of Appeal purports to be on behalf of both defendants, but only Ham Farms has assigned errors. However, Mr. Cerro has not assigned as error any portion of the judgments or orders pertaining to plaintiff's suit. *See* N.C. R. App. Proc. 10 (2001) (providing that "the scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal"). Questions not properly assigned and brought forward are deemed abandoned. *See* N.C. R. App. Proc. 28(a) (2001). It appears from the Record on Appeal that Mr. Cerro has not filed any briefs or memoranda with the trial court or this Court at any time. Thus, while Ham Farms has properly brought forward issues for review, Mr. Cerro has not. Therefore, we only address Ham Farms' contentions.

[1] First, Ham Farms argues that the "trial court committed reversible error in denying defendants' motion for directed verdict, judgment notwithstanding the verdict and for a new trial because the evidence showed that the plaintiff was contributorily negligent as a matter of law." Ham Farms argues that the plaintiff's evidence establishes that he was contributorily negligent as a matter of law. We disagree.

> With respect to contributory negligence as a matter of law, "[t]he general rule is that a directed verdict for a defendant on the ground of contributory negligence may only be granted when the evidence taken in the light most favorable to plaintiff establishes [his] negligence so clearly that no other reasonable inference or conclusion may be drawn therefrom. Contradictions or discrepancies in the evidence even when arising from plaintiff's evidence must be resolved by the jury rather than the trial judge."

*Rappaport v. Days Inn*, 296 N.C. 382, 384, 250 S.E.2d 245, 247 (1979) (quoting *Clark v. Bodycombe*, 289 N.C. 246, 251, 221 S.E.2d 506, 510 (1976); *accord, Bowen v. Rental Co.*, 283 N.C. 395, 196 S.E.2d 789 (1973)). A similar standard of review applies to defendant's claim that the trial court improperly denied defendant's motion for judgment notwithstanding the verdict and a new trial. " '[T]he standard of review for a judgment notwithstanding the verdict is . . . whether,

upon examination of all the evidence in the light most favorable to the nonmoving party, and that party being given the benefit of every reasonable inference drawn therefrom, the evidence is sufficient to be submitted to the jury.' " *Lassiter v. Cecil*, 145 N.C. App. 679, 683, 551 S.E.2d 220, 223 (quoting *Fulk v. Piedmont Music Ctr.*, 138 N.C. App. 425, 429, 531 S.E.2d 476, 479 (2000)), *disc. rev. denied*, 354 N.C. 363, 556 S.E.2d 302 (2001).

In *White v. Mote*, 270 N.C. 544, 155 S.E.2d 75 (1967), plaintiff collided with the rear of the city's fogging machine. However, the "plaintiff immediately acted upon seeing the danger," and was not held to be contributorily negligent. *See id.* at 553, 155 S.E.2d at 81; *see also Burchette v. Lynch*, 139 N.C. App. 756, 535 S.E.2d 77 (2000) (holding that automobile driver who collided with farm tractor parked partially on the road was not contributorily negligent). The Court in *White* explained that

> [t]he more serious question raised by the rear-end collision is whether plaintiff was keeping a proper lookout. We recognize the rule that "One who operates a motor vehicle must be reasonably vigilant and anticipate the use of the highways by others. A failure to maintain a reasonable lookout is negligence." But he will not be held to the duty of being able to bring his automobile to an immediate stop on the sudden arising of a dangerous situation which he could not have reasonably anticipated.

*White*, 270 N.C. at 553-54, 155 S.E.2d at 81 (internal citations omitted). Here the plaintiff's evidence leads to a conclusion similar to that in *White*.

The plaintiff's evidence at trial indicated that Mr. Cerro was operating the forklift on State Road 1400 at 9:00 p.m., in the dark, and without tail lights or reflectors affixed to the rear of the machinery. Trooper R. E. Westbrook, the officer who investigated the collision, found twenty-five feet of skid marks on the road immediately behind the forklift, indicating that plaintiff applied his brakes for at least that distance before he crashed into the rear of the forklift. Neither party introduced evidence indicating that plaintiff's car was malfunctioning during the accident. Plaintiff testified that he had no problem with the headlights on the truck prior to the accident. Carolyn Applewhite, plaintiff's girlfriend and the mother of plaintiff's daughter, testified that she had driven the truck involved in that accident and had never noticed any problem with the headlights. Plaintiff testified in addition that he was driving at approximately 55 miles per hour, the speed

limit, when he spotted the forklift in front of him. He slammed on his brakes when he saw it and swerved to the left in an attempt to miss the forklift, but could not avoid the collision. Both plaintiff and his daughter were taken to the hospital shortly after the collision. Defendant presented no evidence at all.

We conclude that the evidence at trial gives rise to a reasonable inference that the forklift could not have been seen or avoided by a person exercising reasonable care. *See Norwood v. Sherwin-Williams, Co.*, 303 N.C. 462, 469, 279 S.E.2d 559, 563 (1981). Plaintiff was driving a truck at night with properly operating headlights when, despite his efforts to avoid the crash, he collided with the forklift, which was being operated without reflectors or tail lights. The evidence indicates that he applied his brakes and then skidded for at least twenty-five feet before the collision. We cannot conclude that as a matter of law plaintiff was contributorily negligent.

Thus, we hold that plaintiff's evidence was sufficient to withstand defendant's directed verdict motion and to take his case to the jury. *See Rappaport*, 296 N.C. 382, 250 S.E.2d 245. Similarly, we hold that plaintiff's evidence was sufficient to support the trial court's denial of defendant's motion for judgment notwithstanding the verdict and for a new trial. *See Lassiter*, 145 N.C. App. at 683, 551 S.E.2d at 223. We reject defendant's argument to the contrary.

[2] Second, defendant contends that the trial court committed reversible error by denying the defendants' motion for judgment notwithstanding the verdict and for a new trial on the ground of misconduct by the jury in discussing insurance coverage. We disagree. Generally, "[w]here testimony is given, or reference is made, indicating directly and as an independent fact that defendant has liability insurance, it is prejudicial, and the court should, upon motion therefor aptly made, withdraw a juror and order a mistrial." *Fincher v. Rhyne*, 266 N.C. 64, 69, 145 S.E.2d 316, 319 (1965). However, "there are circumstances in which it is sufficient for the court, in its discretion, because of the incidental nature of the reference, to merely instruct the jury to disregard it." *Id.* at 69, 145 S.E.2d at 319-20. "The decision of whether a mistrial is required to prevent undue prejudice to a party or to further the ends of justice is a decision vested in the sound discretion of the trial judge." *Medlin v. FYCO, Inc.*, 139 N.C. App. 534, 540, 534 S.E.2d 622, 626 (2000) (holding that the trial court did not abuse his discretion in denying defendant's motion for a mistrial based on a witness' mention at trial of defendant's relationship

EDWARDS v. CERRO

[150 N.C. App. 551 (2002)]

with defendant's insurer), *disc. rev. denied*, 353 N.C. 377, 547 S.E.2d 12 (2001).

Here, insurance was never mentioned by plaintiff, defendant, or any witness at trial. According to the individual jury members, one juror, Ms. Ezelle, asked the jury "had anybody heard anything as far as was his (plaintiff's) medical bills covered by insurance." Another juror, Mr. Piantanida responded, "I don't feel like that's germane to the case as far as whether he has insurance or doesn't have insurance. It's whether he's entitled to recover or not." All of the jurors testified that they had a brief discussion during deliberations about whether the parties were covered by some sort of insurance. According to the jurors' testimony, the word "insurance" was mentioned between one and four times, and the jurors did not discuss it again.

Here, neither the parties nor the witnesses at trial mentioned insurance, and we will not require a new trial under these circumstances. *See Fincher*, 266 N.C. 64, 145 S.E.2d 316. Insurance was briefly discussed during a self-initiated conversation in jury deliberations. This conversation by the jurors did not amount to misconduct and there was no evidence that it affected or biased their decisions. The trial court acted within its discretion when it denied Ham Farms' motion for judgment notwithstanding the verdict and for a new trial on this basis. *See Medlin*, 139 N.C. App. 534, 534 S.E.2d 622. We find no abuse of discretion.

[3] In its third assignment of error, Ham Farms contends that the trial court improperly answered the issue of negligence in favor of the plaintiff, "thereby precluding submission of the negligence issue to the jury." Ham Farms admitted in its Answer that Mr. Cerro was an employee of Ham Farms and was operating the fork lift on the night in question with the consent and knowledge of Ham Farms. Mr. Cerro did not file any separate pleadings with the court, and the Answer appearing in the record purports to be on behalf of both defendants. As an employee and agent of Ham Farms operating the forklift "in the course of his employment with Ham Farms," Mr. Cerro's negligence is imputed to Ham Farms, his employer. *See King v. Motley*, 233 N.C. 42, 45, 62 S.E.2d 540, 543 (1950); *Willoughby v. Wilkins*, 65 N.C. App. 626, 633, 310 S.E.2d 90, 95 (1983), *disc. rev. denied*, 310 N.C. 631, 315 S.E.2d 698 (1984).

It is undisputed that the interrogatories provided in the Record on Appeal were not answered as ordered by the trial court. Rule 37(b)

and (d) of the North Carolina Rule of Civil Procedure (2001) clearly state that among the sanctions available for such failure are that certain matters "shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order." Thus, the court was specifically authorized to rule that the issue of negligence was "established" in accordance with plaintiff's claim. Here, where the defenses to negligence were not asserted separately by the two defendants, and where negligence of the employee (Cerro) was, once established, imputed to Ham Farms, the liability of Ham Farms necessarily followed. We hold that under these circumstances this sanction was not improper.

Affirmed.

Judges WYNN and THOMAS concur.