CASTLE WORLDWIDE, INC. v. SOUTHTRUST BANK

[157 N.C. App. 518 (2003)]

———————

CASTLE WORLDWIDE, INC. AND COLUMBIA ASSESSMENT SERVICES, INC., PLAINTIFFS V. SOUTHTRUST BANK, SOUTHTRUST BANK, N.A., SOUTHTRUST BANK OF GEORGIA, N.A., SOUTHTRUST BANK OF NORTH CAROLINA, N.A., SOUTHTRUST BANK OF SOUTHWEST FLORIDA, INC., SOUTHTRUST OF SOUTHWEST FLORIDA, INC., SOUTHTRUST CORPORATION, FIRST UNION NATIONAL BANK, FIRST UNION NATIONAL BANK OF NORTH CAROLINA, FIRST UNION NATIONAL BANK OF DELAWARE, FIRST UNION NATIONAL BANCORP, INC., WACHOVIA BANK, NATIONAL ASSOCIATION, WACHOVIA CORPORATION, AND WACHOVIA CORPORATION OF NORTH CAROLINA, DEFENDANTS

No. COA02-872

(Filed 6 May 2003)

**Banks and Banking— check cashing without proper endorsement—authority of company president**

Plaintiff corporations' complaint stated a claim against defendant bank for breach of contract, breach of statutory duty and negligence where it alleged that defendant improperly charged plaintiffs' accounts for corporate checks payable to plaintiffs' customers that were presented to the bank by plaintiffs' president and either cashed or replaced with certified checks by plaintiffs' president without endorsement or with only the president's endorsement, because: (1) the complaint was not insufficient even if it attempted to allege alternate theories but stated a claim only upon one theory, N.C.G.S. § 1A-1, Rule 8(e)(2); (2) although merely exchanging a corporate check drawn on

plaintiffs' account payable to one of plaintiffs' customers for a certified check does not allege wrongdoing, the complaint also alleges that defendant cashed checks payable to third parties without requiring a proper endorsement, which constitutes a wrongdoing; and (3) although the president of plaintiff companies could issue checks and could exchange an ordinary check for a certified check, his status as president of those companies did not authorize him to cash checks payable to others.

Appeal by plaintiffs from order entered 26 March 2002 by Judge Robert H. Hobgood in Wake County Superior Court. Heard in the Court of Appeals 27 March 2003.

*Lewis & Roberts, PLLC, by James A. Roberts, III, for plaintiff appellants.*

*Bell, Davis & Pitt, P.A., by William K. Davis and Kevin G. Williams, for defendant appellees.*

McCULLOUGH, Judge.

On 11 October 2001, Castle Worldwide, Inc. (Castle) and Columbia Assessment Services, Inc. (Columbia) (a wholly-owned subsidiary of Castle) filed a complaint asserting claims for breach of contract, breach of statutory duties, and negligence against two groups of defendant banks, SouthTrust and Wachovia, as well as a claim for unfair and deceptive trade practices (UDTP) against SouthTrust. Plaintiffs' claims arose out of their banking relationships with defendants, whereby defendants allegedly improperly charged plaintiffs' accounts for corporate checks that were presented to the banks with either no endorsement or an improper endorsement.

The facts leading to plaintiffs' lawsuit are as follows: Plaintiffs maintained a commercial banking account at SouthTrust from November 1995 to November 1998. In November 1998, plaintiffs changed banks and opened a commercial banking account at Wachovia (formerly First Union), which remained active until May 1999. According to plaintiffs' complaint,

17. During the period November 27, 1995 through November 12, 1998, SouthTrust charged Castle's SouthTrust Account in connection with its payment of at least twenty-five (25) checks to a party or parties who presented those checks either without any endorsement, or without the proper endorsement of the

payee or which were otherwise endorsed improperly or without authorization.

18. [List of the twenty-five checks SouthTrust charged to plaintiffs' account and paid either without any endorsement or without the proper endorsement of the payee.]

19. During the period November 24, 1998 through May 21, 1999, [the Wachovia defendants] charged Castle's . . . Account in connection with its payment of at least three (3) checks to a party or parties who presented those checks without any endorsement, or without the proper endorsement of the payee, or which were otherwise endorsed improperly or without authorization.

20. [List of the three checks Wachovia charged to plaintiffs' account and paid either without any endorsement or without the proper endorsement of the payee.]

21. During the time alleged herein, 1995 through 1999, the President of Castle Worldwide was Dr. Said Hayez ("Hayez"). Hayez devised a scheme to secrete monies from Castle whereby he had the checks referenced in paragraphs 18 and 20 above (the "subject checks") issued to certain customers of Castle that were duplicate checks of prior checks issued and properly charged to Castle or were merely fictitious checks. Hayez then took the subject checks to the local branch of defendants and cashed, or replaced with a certified check, the subject checks either with no endorsement or being endorsed only by Hayez himself.

22. Upon information and belief, Hayez did not have any authority from the payees identified on the front of the subject checks to endorse or cash the checks. Hayez received the proceeds from the subject checks directly for his own use and benefit.

The twenty-five checks handled by SouthTrust totaled $2,424,329.00. The three checks handled by Wachovia totaled $665,295.00. Neither SouthTrust nor Wachovia required the endorsement of the payee on the face of the check before complying with Dr. Hayez' requests. Plaintiffs maintained that the banks did not use reasonable commercial standards when they followed Dr. Hayez' instructions and directly caused them harm by charging their accounts in the amount of the checks Dr. Hayez presented.

On 8 January 2002, the Wachovia defendants (the group of banks consisting of Wachovia and First Union) moved to dismiss plaintiffs'

CASTLE WORLDWIDE, INC. v. SOUTHTRUST BANK

[157 N.C. App. 518 (2003)]

complaint pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (2001) for failure to state a claim upon which relief could be granted. On 26 March 2002, the trial court granted the Wachovia defendants' motion to dismiss. Plaintiffs appealed.

In their sole assignment of error, plaintiffs argue the trial court erred by granting the Wachovia defendants' motion to dismiss under Rule 12(b)(6) because their complaint sufficiently stated a claim upon which relief could be granted. For the reasons stated herein, we agree with plaintiffs' arguments and reverse the order of the trial court.

A motion to dismiss made pursuant to G.S. 1A-1, Rule 12(b)(6) tests the legal sufficiency of the complaint. In order to withstand such a motion, the complaint must provide sufficient notice of the events and circumstances from which the claim arises, and must state allegations sufficient to satisfy the substantive elements of at least some recognized claim. The question for the court is whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not.

*Harris v. NCNB*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987) (citations omitted). "In analyzing the sufficiency of the complaint, the complaint must be liberally construed." *Dixon v. Stuart*, 85 N.C. App. 338, 340, 354 S.E.2d 757, 758 (1987). Dismissal is not warranted "unless it appears beyond doubt that [the] plaintiff could prove no set of facts in support of his claim which would entitle him to relief." *Id.* However, "[w]hen the complaint fails to allege the substantive elements of some legally cognizable claim, or where it alleges facts which defeat any claim, the complaint must be dismissed." *Oberlin Capital, L.P. v. Slavin*, 147 N.C. App. 52, 56, 554 S.E.2d 840, 844 (2001).

Plaintiffs contend that their complaint alleges several valid claims against the Wachovia defendants, including breach of contract, breach of statutory duty, and negligence. They believe their claims should proceed because the Wachovia defendants' actions violated the parties' banking contract, the Uniform Commercial Code, and common law negligence principles. Plaintiffs admit that "[a]ll the circumstances surrounding the transactions at issue are not known at the present time. There are numerous different factual scenarios that may exist in which Appellees would be liable to Appellants regardless

of who presented the checks for payment." However, plaintiffs believe the case should be allowed to proceed so that the facts may be uncovered.

Additionally, plaintiffs argue that their complaint should not be dismissed simply because it alleged that Dr. Hayez was the President of Castle and Columbia. They point out that the complaint does not address the scope of Dr. Hayez' authority, duties, and powers as President. Because a determination of the scope of Dr. Hayez' authority, duties and powers would require a look at evidence outside the pleadings, plaintiffs argue the bare allegation that Dr. Hayez served as President did not constitute an "insurmountable bar to recovery" and did not justify the dismissal of their complaint. "In ruling on a motion to dismiss, a court properly may consider only evidence contained in or asserted in the pleadings." *Jacobs v. Royal Ins. Co. of America*, 128 N.C. App. 528, 530, 495 S.E.2d 185, 187 (1998).

The Wachovia defendants note that plaintiffs' complaint alleged that Dr. Hayez "cashed, or replaced with a certified check, the subject checks either with no endorsement or being endorsed only by Hayez himself." The Wachovia defendants maintain that the use of the disjunctive "or" fails to concisely and directly state either that (1) Dr. Hayez replaced the checks with certified checks; or (2) Dr. Hayez cashed the checks. Thus, because one of the two possibilities is entirely proper conduct for the bank to have engaged in, the Wachovia defendants believe plaintiffs' manner of pleading violates N.C. Gen. Stat. §§ 1A-1, Rule 8(e)(1) ("[e]ach averment of a pleading shall be simple, concise and direct[]") and Rule 11(a) (while pleading in the alternative is permissible, all statements should be "well grounded in fact and . . . warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law[.]").

In dismissing plaintiffs' complaint, the trial court ignored Rule 8(e)(2), which allows pleading in the alternative:

> (e) *Pleading to be concise and direct; consistency.*—

> (2) A party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses. *When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insuffi-*

> *ciency of one or more of the alternative statements.* A party may also state as many separate claims or defenses as he has regardless of consistency and whether based on legal or on equitable grounds or on both. All statements shall be made subject to the obligations set forth in Rule 11.

*Id.* (emphasis added). While we agree with the Wachovia defendants that merely exchanging a corporate check drawn on plaintiffs' account payable to one of plaintiffs' customers for a certified check does not allege wrongdoing, the complaint also alleges that the Wachovia defendants cashed checks payable to third parties without requiring a proper endorsement, which does constitute wrongdoing.

Under Uniform Commercial Code § 4-401, codified at N.C. Gen. Stat. § 25-4-401 (2001), a bank may only charge its customers' accounts for "properly payable" items:

> (a) A bank may charge against the account of a customer an item that is properly payable from that account even though the charge creates an overdraft. An item is properly payable if it is authorized by the customer and is in accordance with any agreement between the customer and bank.

A fair reading of the complaint shows that plaintiffs alleged the Wachovia defendants cashed checks payable to a third party with either no endorsement or with only Dr. Hayez' endorsement. If proven true, such items would not be properly payable. *See Knight Publishing Co. v. Chase Manhattan Bank*, 125 N.C. App. 1, 479 S.E.2d 478, *cert. denied*, 346 N.C. 280, 487 S.E.2d 548 (1997) (improperly endorsed checks are not properly payable as a matter of law). By alleging in one of its alternative theories that the Wachovia defendants cashed checks payable to a third party and turned the proceeds over to Dr. Hayez, the complaint does state at least one viable cause of action.

Lastly, the Wachovia defendants argue that Dr. Hayez, as plaintiffs' President, was their general agent and had implied power to bind the corporations. It is well settled that "persons dealing with the president or any other corporate officer can usually assume in good faith that he is empowered to exercise the customary functions of his office, in the absence of notice or circumstances indicating otherwise." Russell M. Robinson, II, *Robinson on North Carolina Corporate Law*, § 16.04(a) (6th ed. 2000). *See also Bank v. Oil Co.,*

157 N.C. 302, 73 S.E. 93 (1912). The Wachovia defendants do not allege or argue that Dr. Hayez had authority to act for the payees of the checks set forth in the complaint. Thus, Dr. Hayez could issue the checks and could exchange an ordinary check for a certified check. His status as President of Castle and Columbia did not authorize him to cash checks payable to others, as is alleged in the complaint.

Upon careful review of the record and the arguments presented by the parties, we conclude the complaint contains pleadings sufficient to state a cause of action as to the Wachovia defendants. The order of the trial court is hereby

Reversed.

Judges McGEE and LEVINSON concur.