WOOD v. HOLLINGSWORTH

[166 N.C. App. 637 (2004)]

———

BRENDA WOOD, Plaintiff v. BARBARA D. HOLLINGSWORTH AND BARBARA D. HOLLINGSWORTH, PROFESSIONAL ASSOCIATION, Defendants

No. COA03-1590

(Filed 19 October 2004)

**Attorneys— malpractice—running of the statute of limitations—after attorney-client relationship ended**

The trial court erred by dismissing plaintiff's malpractice claim against her attorney for failure to state a claim. Plaintiff alleged that defendant failed to follow her instructions to file a lawsuit, failed to notify her that the suit had not been filed, failed to advise her of the statute of limitations, and failed to protect her interests by filing the lawsuit. Although defendants argued lack of privity because plaintiff's claim was barred by the statute of lim-

itations only after the attorney-client relationship ended, the complaint alleges that the negligent acts occurred prior to and on the date of the termination.

Appeal by plaintiff from order entered 16 September 2003 by Judge Susan C. Taylor in Cabarrus County Superior Court. Heard in the Court of Appeals 14 September 2004.

*Bollinger & Piemonte, PC, by George C. Piemonte, for plaintiff-appellant.*

*Poyner & Spruill, by E. Fitzgerald Parnell, III and Rebecca B. Wofford, for defendants-appellees.*

TIMMONS-GOODSON, Judge.

Brenda Wood ("plaintiff") appeals the trial court order granting defendants' motion to dismiss plaintiff's claim pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6). For the reasons discussed herein, we reverse.

The facts and procedural history pertinent to the instant appeal are as follows: On 11 November 1998, plaintiff hired defendants to provide legal representation for her in connection with personal injuries and damages plaintiff sustained in an 8 March 1997 automobile collision ("the collision"). The parties entered into a written "Personal Injury Contract."

In December 1999, plaintiff met with defendant Barbara Hollingsworth ("Hollingsworth") to discuss an offer plaintiff had received from the insurance carrier of the other party involved in the collision. Plaintiff informed Hollingsworth that she would not accept the insurance carrier's offer, and then allegedly instructed Hollingsworth to file a lawsuit on her behalf.

In February 2000, Hollingsworth informed plaintiff that defendants' office was closing and that plaintiff should seek to obtain other counsel. The contract of employment was terminated and defendants' legal representation of plaintiff ended. At the date of termination, defendants had not filed the lawsuit plaintiff alleges she informed defendants to file on her behalf.

On 4 April 2000, plaintiff discussed the collision with attorney Cecil Whitley ("Whitley") and requested that Whitley represent her in a lawsuit against the other party involved in the collision. After meet-

ing with plaintiff, Whitley contacted the Cabarrus County Clerk of Court, who informed Whitley that no lawsuit had been filed on plaintiff's behalf regarding the collision. Plaintiff subsequently learned that because she had not filed suit by 8 March 2000, her claims were barred pursuant to the three-year statute of limitations imposed by N.C. Gen. Stat. § 1-52(16).

On 25 February 2003, plaintiff filed suit against defendants, alleging negligence on the part of defendants. Plaintiff's complaint ("the complaint") contains the following pertinent allegations:

8. In providing the Plaintiff with legal services [Hollingsworth] failed to exercise reasonable care and diligence in the application of her knowledge and skill as an attorney to Plaintiff's case and failed to provide legal services in accordance with the standards of practice among members of the legal profession with similar training and experience in the same or similar communities in, but not limited to, the following respects:

  a. [Hollingsworth] failed to follow the instructions of her client;

  b. [Hollingsworth] failed to notify her client, the Plaintiff, that a lawsuit had not been filed;

  c. [Hollingsworth] failed to advise her client, the Plaintiff, of the impending statute of limitations when she closed her practice;

  d. [Hollingsworth] allowed the statute of limitations to expire and failed to protect her client's, the Plaintiff, rights by timely filing a lawsuit against the tortfeasor.

9. The Defendants' duties including a duty to comply with the prevailing standard of care owed by a practitioner in her profession; and her acts and omissions cited herein fall below this applicable standard of care.

10. As the direct and proximate result of the negligent, unlawful and careless acts of the Defendants as described above, the Plaintiff has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00) for her injuries and damages.

On 28 March 2003, defendants filed an answer as well as a motion to dismiss plaintiff's claim pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(2), (4), (5), (6) and N.C. Gen. Stat. § 1A-1, Rule 42(b). On 18

August 2003, the trial court heard arguments from both parties regarding the motion to dismiss. On 16 September 2003, the trial court denied defendants' motion to dismiss plaintiff's claim pursuant to N.C. Gen. Stat. § 1A-1, Rule 42(b) and N.C. Gen. Stat. § 1A-1, Rule 12(b)(2), (4), and (5), but granted defendants' motion to dismiss plaintiff's claim pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6). Plaintiff appeals.

---

The only issue on appeal is whether the trial court erred by granting defendants' motion to dismiss pursuant to Rule 12(b)(6). Because we conclude that plaintiff's complaint properly states a claim upon which relief may be granted, we reverse and remand.

A motion to dismiss made pursuant to Rule 12(b)(6) tests the legal sufficiency of a complaint. *Castle Worldwide, Inc. v. Southtrust Bank*, 157 N.C. App. 518, 521, 579 S.E.2d 478, 480 (2003). "A complaint is sufficient to withstand a motion to dismiss where no insurmountable bar to recovery on the claim alleged appears on the face of the complaint and where allegations contained therein are sufficient to give a defendant notice of the nature and basis of [a plaintiff's] claim so as to enable him to answer and prepare for trial." *Forbis v. Honeycutt*, 301 N.C. 699, 701, 273 S.E.2d 240, 241 (1981). "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff could prove no set of facts in support of his claim which would entitle him to relief." *Dixon v. Stuart*, 85 N.C. App. 338, 340, 354 S.E.2d 757, 758 (1987). "In analyzing the sufficiency of the complaint, the complaint must be liberally construed." *Id.*

In *Hodges v. Carter*, 239 N.C. 517, 519, 80 S.E.2d 144, 145-46 (1954), our Supreme Court stated that

Ordinarily when an attorney engages in the practice of the law and contracts to prosecute an action [o]n behalf of his client, he impliedly represents that (1) he possesses the requisite degree of learning, skill, and ability necessary to the practice of his profession and which others similarly situated ordinarily possess; (2) he will exert his best judgment in the prosecution of the litigation entrusted to him; and (3) he will exercise reasonable and ordinary care and diligence in the use of his skill and in the application of his knowledge to his client's cause.

An attorney is thus liable in damages for any injury to his or her client which "proximately results from a want of that degree of knowledge and skill ordinarily possessed by others of his profession similarly sit-

uated," or which proximately results "from the omission to use reasonable care and diligence, or from the failure to exercise in good faith his best judgment in attending to the litigation committed to his care." *Id.* at 520, 80 S.E.2d at 146. According to Rule 1.2(a) of the Revised Rules of Professional Conduct, "a lawyer shall abide by a client's decisions concerning the objectives of representation and . . . shall consult with the client as to the means by which they are pursued. A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation." Furthermore, according to Rule 1.16(d) of the Revised Rules of Professional Conduct, "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client [and] allowing time for employment of other counsel[.]"

In the instant case, plaintiff's complaint alleges that Hollingsworth was negligent in that she failed to "comply with the prevailing standard of care owed by a practitioner in her profession," and failed to "exercise reasonable care and diligence in the application of her knowledge and skill as an attorney[.]" Plaintiff's complaint contains specific acts of Hollingsworth's alleged negligence, including the failure to follow her client's instructions, the failure to notify her client that a lawsuit had not been filed on her behalf, the failure to advise her client of the running of the applicable statute of limitations, and the failure to protect her client's interests by timely filing a lawsuit on her behalf. Plaintiff's complaint further provides that, "as the direct and proximate result of the negligent, unlawful and careless acts" of defendants, plaintiff suffered damages in an amount in excess of $10,000. Thus, taking plaintiff's allegations to be true for the limited purpose of testing the adequacy of plaintiff's complaint, we conclude that plaintiff has sufficiently stated a claim for negligence in legal representation.

Defendants argue that plaintiff's complaint fails to state a proper claim for negligence in that the complaint fails to establish privity of contract between the parties. In support of their argument, defendants contend that plaintiff's injury occurred on 8 March 2000, following the termination of the attorney-client relationship. Thus, according to defendants, because no attorney-client relationship existed on the date plaintiff was injured, defendants are not liable for plaintiff's damages. We disagree.

In a legal malpractice action based upon an attorney's negligence, the plaintiff must allege and prove "(1) that the attorney breached the

duties owed to his client . . . and that this negligence (2) proximately caused (3) damage to the plaintiff." *Rorrer v. Cooke*, 313 N.C. 338, 355, 329 S.E.2d 355, 366 (1985) (citation omitted). We conclude that plaintiff's complaint meets these requirements. As detailed above, the complaint alleges that defendants' negligent acts occurred prior to and on the date of termination of the relationship rather than subsequent to the date of termination of the relationship. Thus, although plaintiff's alleged injury occurred on the date the statute of limitations ran, the acts that gave rise to plaintiff's injury occurred during the attorney-client relationship of plaintiff and defendants.

Furthermore, we note that "[t]he test of proximate cause is whether the risk of injury, not necessarily in the precise form in which it actually occurs, is within the reasonable foresight of the defendant." *Williams v. Power & Light Co.*, 296 N.C. 400, 403, 250 S.E.2d 255, 258 (1979). "[I]t is only in exceptional cases, in which reasonable minds cannot differ as to foreseeability of injury, that a court should decide proximate cause as a matter of law." *Id.* Thus, " 'proximate cause is ordinarily a question of fact for the jury, to be solved by the exercise of good common sense in the consideration of the evidence of each particular case.' " *Id.* (quoting W. Prosser, Torts § 45 (4th ed. 1971)).

As detailed above, allegation ten in plaintiff's complaint states as follows:

> As the direct and proximate result of the negligent, unlawful and careless acts of the Defendants as described above, the Plaintiff has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00) for her injuries and damages.

We conclude that this allegation, when read in conjunction with the other allegations contained in plaintiff's complaint, is sufficient to give defendants "notice of the nature and basis of [plaintiff's] claim so as to enable [defendants] to answer and prepare for trial." *Forbis*, 301 N.C. at 701, 273 S.E.2d at 241. Whether defendants' alleged negligence in fact caused plaintiff's injury is a question for the trier of fact. *Williams*, 296 N.C. at 403, 250 S.E.2d at 258.

In light of the foregoing conclusions, we hold that the trial court erred in granting defendants' motion to dismiss. Accordingly, we reverse the trial court order and remand the case for further proceedings.

**IN RE W.H.**

[166 N.C. App. 643 (2004)]

Reversed and remanded.

Judges HUNTER and McCULLOUGH concur.